UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON L. TAYLOR,<br><br>       Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>       Respondent. | Case No.: 1:12-cv-00870-JLT<br><br>ORDER REQUIRING PETITIONER TO FILE MOTION TO CHANGE THE NAME OF THE RESPONDENT<br><br>THIRTY DAY DEADLINE |

   Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The instant petition was filed on May 29, 2012.  (Doc. 1).  Petitioner has named as Respondent the "United States of America."
   For a court to hear a petition for writ of habeas corpus, it must have jurisdiction over the prisoner or his custodian. United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984).  A failure to name the proper respondent deprives a habeas court of personal jurisdiction.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989).  The proper respondent in a federal habeas corpus petition is the petitioner's "immediate custodian." Brittingham, 982 F.2d at 379, *quoting* Demjanjuk v. Meese, 784 F.2d 1114, 1115 (D.C.Cir.1986) (Bork, J., in chambers).  The custodian "is the person having a day-to-day control over the prisoner.

1

That person is the only one who can produce 'the body' of the petitioner." <u>Brittingham</u>, 982 F.2d at 379, *quoting* <u>Guerra v. Meese</u>, 786 F.2d 414, 416 (D.C.Cir.1986) (Parole Commission is not custodian despite its power to release petitioner). Normally, the custodian of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see also</u> <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).

Petitioner names the "United States of America" as the respondent in this matter. However, Petitioner is incarcerated at the United States Penitentiary, Atwater, California. The warden of that facility, Paul Copenhaver, is a proper respondent. Alternatively, Petitioner may name the Bureau of Prisons. However, the United States of America is not a proper respondent. Because Petitioner did not name his immediate custodian as the respondent in this matter, this Court is without personal jurisdiction, and the petition must be dismissed.

However, the Court will give Petitioner the opportunity to cure the defect by amending the petition to name a proper respondent. <u>See</u> <u>West v. Louisiana</u>, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same). In the interest of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.[1]

///
///
///
///
///
///

---

[1] Because the Court has determined that, as the parties are presently listed, it lacks personal jurisdiction to proceed, the Court has not yet addressed whether it lacks subject matter jurisdiction over the action because the claims are more properly brought as a motion under 28 U.S.C. § 2255. The Court will address that issue when and if Petitioner names a correct respondent.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS that Petitioner file a motion to amend the petition by naming a proper respondent within thirty days of service of this order. Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **July 18, 2012**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE