UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON L. TAYLOR,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PAUL COPENHAVER,<br><br>　　　　Respondent. | Case No.: 1:12-cv-00870-JLT<br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND PETITION (Doc. 12)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FIRST AMENDED PETITION (Doc. 12)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO FILE DOCUMENT 12 AS "FIRST AMENDED PETITION" |

　　　　Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　　　The original petition was filed on May 29, 2012. (Doc. 1). Petitioner originally named as Respondent the "United States of America," which is not the appropriate respondent for purposes of the Court's habeas jurisdiction. Accordingly, on July 17, 2012, the Court issued an order requiring Petitioner to file a motion to amend the petition to name the proper respondent. (Doc. 6). On August 1, 2012, Respondent filed that motion and, on August 14, 2012, the Court issued an order granting Petitioner's motion to amend the caption and directing the Clerk of the Court to amend the caption

1

1  with the name of the correct respondent.  (Doc. 8).

2  　　　In that same order, the Court also ordered Respondent to file a response and established a
3  briefing schedule for the parties.  (Id.).  That latter portion of the Court's August 14, 2012 order,
4  however, was premature.  Accordingly, on October 10, 2012, the Court issued an order vacating that
5  order to file a response.  (Doc. 13).  In the interim, on October 5, 2012, Petitioner filed a motion to
6  amend the petition and a proposed first amended petition containing two claims, i.e., ineffective
7  assistance of counsel and violation of federal double jeopardy.  (Doc. 12).

8  **DISCUSSION**

9  　　　A.　Motion to Amend.

10 　　　A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and
11 without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a),
12 as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing
13 Section 2254 Cases.  Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir.
14 1998);  Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Leave of Court is required for all other
15 amendments.  Rule Civ. P. 15(a).  Here, Respondent had not filed a response as of October 10, 2012,
16 the date Petitioner filed his motion to amend and his proposed first amended petition.   Thus, leave of
17 Court is not required for any amendment to the petition.  Accordingly, the motion to amend the
18 petition is granted and the Clerk of the Court will be directed to file the proposed amended petition as
19 a first amended petition in the Court's docket.  The original petition will be disregarded.

20 　　　B.　Screening of the First Amended Petition.

21 　　　A federal court may not entertain an action over which it has no jurisdiction.  Hernandez v.
22 Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  A federal prisoner who wishes to challenge the validity
23 or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or
24 correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);
25 Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);
26 Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing court
27 has jurisdiction.  Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a federal
28 conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner's allegations that his trial counsel was ineffective and that he should not have been convicted of multiple firearm charges clearly represent challenges to Petitioner's conviction and sentence, not to the manner, location, or conditions of that sentence's execution. From the foregoing legal discussion, it is obvious that the proper vehicle for challenging such trial errors as those contained in the first amended petition is by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not a habeas corpus petition.

Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255). The Ninth Circuit has recognized that this is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of

§ 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In the first amended petition, Petitioner makes no claim that he is actually innocent of the crimes he is challenging.  Nor does Petitioner contend that § 2255 is inadequate or ineffective. Accordingly, the Court lacks habeas corpus jurisdiction and, thus, the first amended petition must be dismissed.

## ORDER

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. Petitioner's motion to amend the petition (Doc. 12), is **GRANTED**;
2. The Clerk of the Court is **DIRECTED** to file Document 12 as the First Amended Petition; and,
3. The Clerk of the Court is **DIRECTED** to assign this case to a United States District Judge.

## RECOMMENDATIONS

Accordingly, it is HEREBY RECOMMENDED that the first amended petition (Doc. 12), be DISMISSED for lack of habeas jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

///

///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 15, 2012**                                  **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE