FILED

DEC 7 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
    DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON L. TAYLOR,<br><br>　　　• Petitioner,<br><br>　　v.<br><br>PAUL COPENHAVER,<br><br>　　　Respondent. | Case No.: 1:12-cv-00870-AWI-JLT<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 22) |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## PROCEDURAL HISTORY

The instant petition was filed on May 29, 2012. (Doc. 1). Petitioner filed a first amended petition on October 5, 2012. (Doc. 14). On October 15, 2012, the Magistrate Judge entered Findings and Recommendations to dismiss the first amended petition for lack of habeas corpus jurisdiction.

1

(Doc. 16). On November 13, 2012, the district court judge adopted those Findings and Recommendations, entered judgment against Petitioner, and ordered the file closed. (Docs. 20 & 21). On November 26, 2012, Petitioner filed the instant motion for reconsideration. (Doc. 22).[1]

## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

---

[1] The court notes that in Document #16, the court ordered the Clerk of the Court to file Document #12 as a first amended petition in this action. Due to an administrative error, Document #12 continues to be labeled as a motion to amend, instead of an amended petition. For some reason, Document #14 was incorrectly labeled as an amended petition, but it is actually only a copy of Petitioner's original petition found in Document #1.
    The operative petition in this action is Document #12, as explained in the court's October 15, 2012 order (Document #16). Document #12 is the petition both ruled on by the court in the October 15, 2012 Findings and Recommendations (Doc. 16), November 13, 2012 Order Adopting the Findings and Recommendations (Doc. #20), and this Order.

decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, in his motion for reconsideration and his objections to the Findings and Recommendations, Petitioner argues that he is entitled to access the "gate-keeping" procedures of § 2241 because he is "factually innocent." (Docs. 22 & 23). Petitioner contends that the Court misconstrued the law by not addressing that point. Petitioner is mistaken. The Court is well-aware of the requirements necessary to avoid the general rule that attacks by a federal prisoner on the judgment or sentence must be brought by a petition pursuant to § 2255. Indeed, the Magistrate Judge correctly set forth those requirements, i.e., the pre-requisites to accessing the "gate-way," in her Findings and Recommendations. (Doc. 16, pp. 3-4). In that discussion, the Magistrate Judge expressly noted that, in order to find § 2255 "inadequate or ineffective," a petitioner must show *both* actual innocence and that he never had the opportunity to raise the claim by § 2255 motion. (Id.). Because the Magistrate Judge concluded that Petitioner had not met both pre-requisites, she recommended dismissal.

Petitioner's motion for reconsideration, therefore, far from meeting any of the requirements of Rule 60, simply re-argues the issues already considered and decided in the Findings and Recommendations as well as in this Court's order adopting those Findings and Recommendations. Thus, Petitioner has failed to meet any of the requirements for granting a motion for reconsideration: he has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or

3

different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion.*"  Local Rule 230(j) (emphasis added).

In sum, Petitioner has provided no evidence or circumstances to would satisfy the requirement of Rule 60(b), and therefore his motion for reconsideration must be denied.

## ORDER

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 22), is DENIED.

DATED: December 6, 2012

ANTHONY W. ISHII
UNITED STATES DISTRICT JUDGE

4