# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON L. TAYLOR,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PAUL COPENHAVER,<br><br>　　　　Respondent. | ) Case No.: 1:12-cv-00870-AWI-JLT<br>)<br>) ORDER DECLINING TO ISSUE A CERTIFICATE<br>) OF APPEALABILITY<br>)<br>) ORDER DIRECTING CLERK OF THE COURT TO<br>) SEND A COPY OF THIS ORDER TO THE NINTH<br>) CIRCUIT<br>)<br>) |

　　　　Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **PROCEDURAL HISTORY**

　　　　The instant petition was filed on May 29, 2012. (Doc. 1). Petitioner filed a first amended petition on October 5, 2012. (Doc. 14). On October 15, 2012, the Magistrate Judge entered Findings and Recommendations to dismiss the first amended petition for lack of habeas corpus jurisdiction,

1

concluding that Petitioner was challenging his conviction and sentence and, hence, should proceed by way of 28 U.S.C. § 2255 rather than a habeas corpus petition under 28 U.S.C. § 2241.  (Doc. 16).  On November 13, 2012, the district court judge adopted those Findings and Recommendations, entered judgment against Petitioner, and ordered the file closed.  (Docs. 20 & 21).  On November 26, 2012, Petitioner filed a motion for reconsideration.  (Doc. 22).  On December 7, 2012, the Court denied the motion for reconsideration.  (Doc. 26).  Petitioner appealed the Court's ruling to the Ninth Circuit. (Doc. 24).  On January 8, 2013, the Ninth Circuit remanded the case to this Court for the limited purpose of either granting or denying a certificate of appealability.

## DISCUSSION

The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> >
> > (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Thus, the plain language of the statute expressly provides that, if a court has denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief under 28 U.S.C. § 2241 debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

## **ORDER**

Accordingly, the Court DECLINES to issue a certificate of appealability. The Clerk of the Court is DIRECTED to send a copy of this order to the Ninth Circuit.

| | |
|---|---|
| 1 | |
| 2 | IT IS SO ORDERED. |
| 3 | Dated:   January 18, 2013 |
| 4 | SENIOR DISTRICT JUDGE |

4